888 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Max J. SEIGLE, Plaintiff-Appellant,
v.
Rosemarie G. SEIGLE, Michael J. Kelly, Barbara Mackenzie, G.
Michael Doroschewitz, John F. Van Bolt, Lyle Van Houten,
Duanne Dunick, Walter Lucken, Donald Rivard, Patrica J.
Boyle, Michael F. Cavanagh, Henry Fox, George Bush, V.
Robert Payant, Robert Katz, Michael Alan Schwartz, Marie
Turner, Michael Turner, Edmund Szoke, James E. Mies, Herman
Kucyk, Richard H. Austin, G. Ritsema, George H. Herstek,
Joseph F. Regnier, James L. Ryan, Corbin Davis, Joseph F.
Sponiel, Jr., John H. Gillis, N.J. Kaufman, James Blanchard,
Charles Farmer, Edward Nowakowski, Robert Curran, Robert J.
Jenkins, Enid Brahms, Charles L. Levin, G. Daniel Ferrera,
Robert P. Griffin, Dorothy Riley Comstock, Dennis W. Archer,
James H. Brickley, Loretta Marsh, Francis Larson, Marjorie
Gipson, Douglas Sweet, Marion K. Kaleel, Harold Wright,
Defendants-Appellees.
 No. 89-1325.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Max J. Siegle moves for miscellaneous relief, and appeals from the district court's order dismissing his complaint and amended complaint without prejudice. In a confusing complaint, Siegle challenged his divorce decree which had been granted by a state court. He sued numerous defendants and requested damages. The district court issued an order to show cause as to why the case should not be dismissed for lack of federal jurisdiction. Siegle's response did not provide a clear statement of the district court's jurisdiction. After reviewing the various defendants' answers and motions to dismiss, the district court dismissed the complaint for lack of federal jurisdiction and, in the alternative, for failure to comply with Fed.R.Civ.P. 8(a).
 
 
 3
 Siegle presents a confusing brief on appeal in which he argues that the district court incorrectly dismissed his complaint.
 
 
 4
 Upon consideration, we conclude that the district court correctly decided that it lacked jurisdiction. Siegle seeks review of a Michigan divorce decree. In his response to the district court's show cause order, he stated that his federal action was a continuation of his appeals and actions in the state of Michigan. He also filed appellate briefs in place of a complaint. The United States Supreme Court, not a federal district court, has jurisdiction to review state court decisions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).
 
 
 5
 Accordingly, the miscellaneous motions are hereby denied, and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.